IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| S & R CONSTRUCTION CO. | ) | CASE NO. 09-70710 |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM DECISION

FINDINGS OF FACT

The matter before the Court is the Motion for Rule 2004 Examination filed by Harold Roland, Jr., who is a 40% shareholder in the Debtor and at the time the Debtor's petition was filed was prosecuting a shareholder derivative lawsuit in the Circuit Court of Smyth County, Virginia against the corporation's other shareholder, Larry Stevenson. The petition in this Court was filed just prior to scheduled depositions of Mr. Stevenson and others in that lawsuit. Mr. Roland and his counsel, Robert T. Copeland, Esq., appeared at a hearing upon the Motion on April 8, 2009. Mr. Copeland in support of the Motion provided an extensive history of the disagreements between Mr. Stevenson and Mr. Roland, who are related by marriage, and which date back to Mr. Stevenson's exercise of his position as majority owner of the Debtor to fire Mr. Roland as an employee. Ever since that event, according to Mr. Copeland, Mr. Stevenson has abused his position as majority owner and president of the corporation to the detriment of both it and Mr. Roland. Such alleged wrongful conduct has even continued after the filing date by Mr. Stevenson's alleged use of equipment owned by the Debtor to perform work undertaken by another corporation owned and controlled by him. Mr. Copeland further advised the Court that his client intended to seek leave of the state court to amend his pleadings in the Smyth County

1

lawsuit to add a count or counts asserting on Mr. Roland's behalf purported personal causes of action against Mr. Stevenson arising out of these same events. Robert E. Wick, Esq. has been appointed as chapter 7 bankruptcy trustee in this case and the section 341 meeting of creditors is scheduled for April 24, 2009. Although the Trustee did not appear at the April 8 hearing, counsel for the Debtor did so, having earlier filed an Objection to the Motion. While Mr. Copeland offered Mr. Roland as a witness in support of the Motion and the latter appeared to be eager to testify, the Court concluded that his testimony would not assist it in ruling upon the Motion because the nature of the dispute was evident to the Court after listening to the statements of Mr. Copeland and Mr. Lamie, Debtor's counsel.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this bankruptcy case by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. The Court further concludes that a motion to conduct an examination of a corporate debtor's principal managing officer pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure is a "core" bankruptcy proceeding by reason of 28 U.S.C. § 157(b)(2)(A) and/or (O).

In dealing with situations of this kind where a party to pre-bankruptcy litigation which has been disrupted by the filing of a bankruptcy petition seeks to continue the process of discovery, by means of a Rule 2004 examination, of the debtor or of one or more principals of the debtor, courts have reached varying results. *See* 9 Collier on Bankruptcy ¶ ¶ 2004.01 and 2004.02 at pp. 2004-3 thru -8 (15th ed. rev. 2008). The Court finds itself in agreement with Collier's observation that "[p]erhaps the best approach is to examine each situation

individually." *Id.* at p. 2004-4.

There is no doubt that the type of information which Mr. Copeland asserts that his client has assembled and seeks to supplement ought to be of keen interest to the Debtor's bankruptcy trustee. Certainly information which sheds light on possible causes of action which the Debtor itself may have against Mr. Stevenson and/or others for pre-petition actions or about the use of the Debtor's own equipment, even after this case was filed, by another corporation owned and/or controlled by Mr. Stevenson is highly relevant to the Trustee's administration of this case. Nevertheless, the Court finds itself in agreement with Debtor's counsel that this Motion is premature. This case has just been filed. Indeed the present Motion for Rule 2004 Examination was filed the very same day the petition was filed. The first meeting of creditors has not even taken place yet. Certainly counsel for Mr. Roland may appear at that meeting and within reasonable limits pose questions to the Debtor's designated official, presumably Mr. Stevenson, who will be required to appear at such meeting. Furthermore, Mr. Roland will be free to provide to the Trustee in advance of such meeting the information which he has already assembled and offer suggestions to him for possible fruitful lines of inquiry for further investigation. It is unclear at this point whether the Trustee will determine that he wishes to continue the litigation commenced in state court by Mr. Roland for the benefit of the bankruptcy estate or to sell the estate's rights in such litigation to Mr. Roland or some other interested party or abandon such litigation entirely. It is also unclear at this point what legitimate questions may remain after the section 341 meeting has occurred. To grant the Motion at this point might interfere with, rather than assist, the Trustee's discharge of his duties and the Court believes that it should not decide the Motion until after such meeting has occurred and the Court has had an

opportunity to hear from the Trustee about his position on the matter. While it is the Court's general approach in considering such motions to resolve any doubts in favor of granting them, it recognizes that such examinations are appropriate when they can be expected to contribute to the proper administration of the estate, a very important part of which is identifying possible claims which might be pursued for the benefit of the creditors. Such examinations may not be appropriate in cases such as this one involving the chapter 7 liquidation of a corporate entity in which there is no issue of the debtor's discharge, when the desire to conduct them stems from motivations other than benefit to the estate and, more importantly, when the possibility that they will provide additional valuable information appears slight and is outweighed by the burden they may impose upon the Debtor and/or other parties in interest. At this point in time the Court concludes that this case has not progressed sufficiently for it to make a proper balancing of these competing considerations.

For these reasons the Court at this time by a separate order will preliminarily deny the Motion but schedule it for a final hearing on May 6, 2009.

This 13th day of April, 2009.

_William F. Stone, Jr._
UNITED STATES BANKRUPTCY JUDGE